**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: May 6, 2025

S25G0338.  IN THE INTEREST OF M. R. S., A CHILD.

PINSON, Justice.

In this case, the juvenile court ordered the termination of parental rights of the mother of M.R.S. on June 10, 2022. The mother filed a notice of appeal, but her counsel did not take the appropriate steps for a discretionary appeal.[1] After realizing her counsel's mistake, the mother got new counsel and then moved for an out-of-time appeal, asked the court to set aside the termination order, and sought a new trial. The court denied the requests in a single order, and the mother appealed, but the Court of Appeals vacated the order for jurisdictional reasons. So the mother made the same requests again, and the trial court denied them again in another order.

---

[1] Appeals from orders terminating parental rights must be brought by discretionary application. OCGA § 5-6-35 (a) (12).

The mother appealed to the Court of Appeals a second time. This time — more than two years after the mother's parental rights had been terminated — the court affirmed the termination of parental rights, holding (as relevant here) that the mother failed to adequately "enumerate" as error the juvenile court's denial of her motion for an out-of-time appeal. *In the Interest of M. R. S.*, 373 Ga. App. 201, 204 (1) (b) (907 SE2d 203) (2024) (citing OCGA § 5-6-48 (f)).

Presiding Judge McFadden dissented in part, noting among other things that OCGA § 5-6-48 requires appellate courts to try to "discern what errors an appellant is attempting to articulate"; that the Appellate Practice Act must be "liberally construed so as to bring about a decision of the merits of every case appealed"; and that the Act "authorizes practically unlimited looseness in an appellant's enumeration of errors." Id. at 205-06 (1) (McFadden, PJ, dissenting in part) (citations and punctuation omitted). In light of these principles, the dissent reasoned that, "[w]hen her enumeration of errors is read together with the notice of appeal and the record, particularly

2

the order appealed from — as subsection (f) requires — it is clear that her first enumeration encompasses the dismissal of her [ ]motion for out-of-time appeal" and so complied with the statutory requirement. Id. at 208 (1).

The mother sought review in this Court, and we asked the State to address in a response to her petition whether she properly raised her challenge to the denial of her motion for an out-of-time appeal. For largely the reasons set out in Division 1 of the dissent, id. at 205-208 (1), the State conceded that the denial of the motion for an out-of-time appeal was properly raised on appeal. We agree. The case is remanded for the Court of Appeals to consider the mother's claims about the denial of her motion for an out-of-time appeal.

*Petition for writ of certiorari granted, judgment vacated, and case remanded. Peterson, CJ, Warren, PJ, Bethel, Ellington, McMillian, LaGrua, and Colvin, JJ, concur.*